Southern Ry. Co. v. Elder.

[70 South. 549.]

New Trial. *Grounds. Newly discovered evidence.*

> Where a judgment was rendered against a railroad company for the conversion of a shipment of cattle, and defendant made a motion for a new trial on the ground that since the rendition of the judgment, it had discovered that the cattle which plaintiff claimed to have shipped over its road, were sold by him to another party prior to the date of the shipment and defendant showed due diligence in discovering such evidence, a new trial should have been granted.

Appeal from the circuit court of Tishomingo county. Hon. Claude Clayton, Judge.

Suit by W. C. Elder against the Southern Railway Company. Judgment for plaintiff, and on motion for new trial overruled, defendant appealed.

Appellee brought suit against the appellant in an action of conversion. He alleges that he delivered certain cattle to the appellant for transportation, and the appellant failed to deliver them at the point of destination or to turn them back to appellee. He recovered judgment in the circuit court. Afterwards appellant filed a motion for a new trial on the ground of newly discovered evidence, and filed affidavits in support of the motion, which set out that appellant could show by affiants that the

cattle which appellee claims were shipped over appellant's road had been sold by appellee to another party prior to the date of shipment. Appellant also alleges that his failure to procure this evidence at the trial was due to the fact that he was taken by surprise on the trial, for the reason that appellee had testified about cattle not referred to in his declaration. The court overruled the motion for a new trial, and an appeal is prosecuted.

*Lamb & Warriner,* for appellant.

We think the trial court erred in overruling our motion for a new trial in view of the testimony that the appellant can now produce and that the same was an abuse of discretion on the part of the trial court.

In the case of *Vanderburg* v. *Campbell,* 64 Miss. 95, this court says: "The discretion exercised in granting a new trial is governed by legal rules rather than by mere will or pleasure of the judge."

We are familiar with the rule that only in exceptional cases will a new trial for newly discovered evidence be granted when the same is cumulative, but we submit to the court that the evidence as set out in the motion for a new trial is not cumulative, but is entirely newly discovered evidence on an entirely different point to what the appellant had cause to believe it had to meet from the declaration of appellee.

In the language of the court in the case of *Insurance Co.* v. *Betbeze,* 98 Miss. 265, in which it says "on the whole record we think the court should set aside the verdict and grant a new trial. "Now, to say the least of it, the contention of the appellee in this case is very, very unreasonable and does not look right; as stated before there is something wrong in this case. Now, the testimony offered in support of the motion for a new trial will shed an entirely different light on this transaction, and we feel safe in saying will result in a verdict for appellant.

We do not think it can be contended that the evidence offered in support of the motion for a new trial, is cumulative, for cumulative evidence is evidence on some point put in issue which has already been testifed to. The point as to whether or not Elder had the carload of cattle at Latham's pasture on the 17th day of February, as he contends, is the governing point in this case, and one which appellant had no way to know would be testified to by Elder until the same was done on the witness stand. Now, the gist of this action is did Elder have the cattle at Latham's pasture? If he did not, then he did' not turn the cattle over to the appellant. The evidence offered by the appellant on the part of Coyle endeavored to show that Elder did not have the cattle.

This court in the case of *Williams* v. *State*, 99 Miss. 276, says: "Evidence which would tend to establish the disputed fact by other circumstances is not cumulative, but corroborative."

The evidence in this case is bound to be unsatisfactory to this court and the real issue in this case must be left in doubt as the record now stands. The question then is, will the newly discovered testimony on another trial of this case put an end to the doubt and finally and conclusively dispose of the matter? We respectfully submit to the court in our judgment that it will, and a different conclusion will be reached by the jury. The very unreasonableness of Elder's contention in this suit is bound to arouse the suspicion of the court that there is fraud somewhere, and from the record it points more conclusively to Mr. Elder than to any one else. We ask the court's careful investigation of this record and we believe that we can safely assert that the court will agree with us after having done so, that this case is a most extraordinary and unusual one.

This court in the case of *Railway Co.* v. *Crayton*, 69 Miss. 159, said: "Where the evidence upon which a case was originally tried was unsatisfactory and the real issue was left in doubt and newly discovered evidence

was offered which will clearly put an end to the doubt and finally and conclusively dispose of the litigation, certainly, and otherwise than on the former trial, the duty of the court would be to award the new trial.''

*J. A. Cunningham* and *J. E. Berry,* for appellee.

The issue was tried on the evidence produced, and the jury found for appellee, and now we see appellant adroitly trying to shift the issue of Latham's pasture in order to get up some newly discovered witness with information to afford them a new trial. This is certainly cumulative, and would merely afford appellant an additional witness to contradict Elder about having seventy-five head of cattle on February 17. All this is merely contradictory. The issue in this cause is *whether the cattle were delivered as alleged,* and witnesses *who ought to have been produced are those who witnessed the transaction at the station,* and they cannot lie down on so grave and pertinent a question of defense, and after neglecting to bring in witnesses easily accessible, then set aside a verdict because of some flickering sidelight. Why did they not bring witnesses who had knowledge of the question in point? This dereliction certainly had its weight with the court below, and highly justifies the action of the court. If appellant had paid any respectful attention to the young man's claim, and had investigated it in the usual course, they would have been fully advised of the previous whereabouts of the cattle in controversy. Nowhere does this record show that appellee ever kept anything hidden from the company, or refused to furnish them any information at his hand. 29 Cyc. 886-4; Cyc. 882, 29 Cyc. 892 (b) also authorities cited above.

If the courts of this country should set aside verdicts and follow aggrieved litigants off into the various ramifications of the issues of the cause, no end could ever come of litigation. Appellees had before them an abundance

of witnesses as to whether or not Elder loaded a car of cattle for the appellant on the time alleged, and if his efforts were a fraud upon the company, appellant could have certainly convinced a jury out of the multitude, by examining witnesses present, that this boy was swearing falsely, and the question of Latham's pasture would have made no difference. But having laid down on the main issue, they now seek by faint drum beats to change the field of the contest and go to miniature quarters and pitch their tents where it can be said that they were not derelict in the former procedure.

COOK, J., delivered the opinion of the court.

A careful reading of this record convinces us that the trial court erred in overruling the motion of appellant for a new trial. We believe that the record shows no lack of diligence on the part of appellant, and it is evident that with the newly discovered evidence before it, another jury might reach a different verdict.

*Reversed and remanded.*